**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIU CHING HA and PAK CHUAN LEONG, on behalf of themselves and others similarly situated, | |
| Plaintiffs, | Civil Action No. 15-5530 (ES) (MAH) |
| v. | OPINION |
| 4175 LLC d/b/a BAUMGART'S CAFÉ, et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on Plaintiffs' motion to conditionally certify a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (D.E. No. 100). The Court has jurisdiction under 28 U.S.C. § 1331. Having considered the parties' submissions in support of and in opposition to the instant motion, the Court decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court DENIES Plaintiffs' motion without prejudice.

## I. BACKGROUND

*The Parties.* Plaintiffs (comprising a chef, waiter, and delivery driver at three different restaurants) and prospective collective action members are former employees of Defendants (comprising four different restaurants and their owners and managers).[1]

---

[1] The relevant background facts are adopted from the parties' pleadings and submissions in support of and in opposition to the instant motion.

1

Plaintiff Siu Ching Ha ("Ha") filed an initial Complaint on behalf of himself and others similarly situated on July 14, 2015. (*See* D.E. No. 1). Ha worked as a chef for Defendant Baumgart Café of Livingston, Inc. d/b/a Baumgart's Café located at 4175 Town Center Way in Livingston, New Jersey 07039 ("Baumgart Livingston") from June 15, 2014 to April 15, 2015. (D.E. No. 25, ("Am. Compl.") ¶ 8; D.E. No. 100-3 ("Ha Aff.") ¶ 4).[2]

Plaintiff Pak Chuan Leong ("Leong") worked as a waiter for Defendant Baumgart's Edgewater Corp. d/b/a Baumgart's Café located at 59 The Promenade in Edgewater, New Jersey 07020 ("Baumgart Edgewater") from April 7, 2014 to November 30, 2014. (Am. Compl. ¶ 9; D.E. No. 100-4 ("Leong Aff.") ¶ 4). Leong, together with Ha, filed an Amended Complaint on April 1, 2016. (*See* Am. Compl.).

Plaintiff Laura Wahyudi ("Wahyudi") opted in to this action on April 18, 2016. (*See* D.E. No. 29). Wahyudi worked as a delivery driver for Defendant Baumgart Restaurant, Inc. d/b/a Baumgart Café located at 45 East Palisade Avenue in Englewood, New Jersey 07631 ("Baumgart Englewood") from April 14, 2012 to February 11, 2016. (D.E. No. 105-5 ("Wahyudi Aff.") ¶¶ 4-5; D.E. No. 101-3 ("Wahyudi Dep.") at 59).

The Amended Complaint includes Defendant Baumgart's of Ridgewood, Inc. located at 158 Franklin Avenue in Ridgewood, New Jersey ("Baumgart Ridgewood"), although none of the Plaintiffs have worked there and there are no allegations of wrongdoing by Baumgart Ridgewood. (*See* Am. Compl.).[3]

---

[2]   Plaintiffs allege that Defendant 4175 LLC d/b/a is the successor corporate employer to Baumgart Livingston because "they employed substantially the same waiters, deliverymen, and kitchen staff working substantially the same work in substantially the same working conditions." (Am. Compl. ¶ 17).

[3]   The Court refers to Baumgart Livingston, Baumgart Edgewater, Baumgart Englewood, and Baumgart Ridgewood collectively as the "Baumgart Defendants." The Baumgart Defendants together with Defendants Joseph Yuan, Zong Hou Xie a/k/a Peter Xie, Gou-Fu Wang a/k/a Sam Wang, Steve Wu, Marsha Wu, and Leung Fong Ho a/k/a Alex Ho are collectively referred to as "Defendants." And Ha, Leong, and Wahyudi are referred to collectively as "Plaintiffs."

According to Plaintiffs, the Baumgart Defendants "are all members of a Chinese-American chain store 'founded in the mid 80's by Steve and Marsha Wu along with their partner Sam Wang." (*Id.* ¶ 27). Plaintiffs further allege that the Baumgart Defendants "[were] and continue[] to be, a single and joint employer and ha[ve] had a high degree of interrelated and unified operation, and share common management, centralized control of labor relations, common ownership, common control, common website, . . . common business purposes and interrelated business goals." (*Id.* ¶ 28).

*Allegations.* Plaintiffs allege that (i) Defendants failed to compensate Plaintiffs and the purported class members at the statutory minimum wage in violation of the FLSA and New Jersey Labor Law, NJWHL §§ 34:11-56 (Counts I and II); (ii) Defendants failed to pay Plaintiffs and the purported class members overtime compensation at the statutory rate of time-and-a-half for all hours worked in excess of 40 hours per workweek in violation of the FLSA and New Jersey Labor Law (Counts III and IV); and (iii) Defendants violated 26 U.S.C. § 7434, which provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return (Count V). (*See generally id.*). "Plaintiffs bring this action individually and on behalf of all other former non-exempt deliverymen, servers, busboys, and kitchen staff who have been or were employed by the Defendants for up to the last three (3) years . . . and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week ('Collective Class Members')." (*Id.* ¶ 47).

*Motion for Conditional Class Certification.* On May 12, 2017, Plaintiffs moved for conditional certification of the FLSA collective action and publication of the proposed notice of

pendency. (D.E. No. 100-9 ("Pls. Mov. Br."); D.E. No. 100-6 ("Notice")). Baumgart Livingston and Baumgart Ridgewood opposed Plaintiffs' motion on June 5, 2017. (D.E. No. 101 ("Baumgart Livingston & Ridgewood Opp. Br.")). Baumgart Edgewater opposed Plaintiffs' motion on June 6, 2017. (D.E. No. 103 ("Baumgart Edgewater Opp. Br.")). On June 12, 2017, Plaintiffs submitted a reply in further support of their motion. (D.E. No. 104 ("Pls. Reply Br.")). The motion is now ripe for resolution.

## II. LEGAL STANDARD

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1527 (2013). In Section 216(b), the FLSA grants employees the right to bring suit on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b); *see Symczyk*, 133 S. Ct. at 1527. Such an FLSA suit, not to be confused with a class action under Federal Rule of Civil Procedure 23, is known as a "collective action." "A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). To become parties to a FLSA collective action, employees must affirmatively opt-in by filing written consents with the court. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 242-43 (3d Cir. 2013) (citing 29 U.S.C. § 216(b)). This feature distinguishes the collective-action mechanism under Section 216(b) from the class-action mechanism under Rule 23, where, once the class is certified, those not wishing to be included in the class must affirmatively opt-out. *Id.* at 243.

Courts approach collective action certification under the FLSA by engaging in a two-step process. *Id*. The first step is deciding whether to grant "conditional certification"—the type of certification at issue here. *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192 (3d Cir.

2011), *rev'd on other grounds*, 133 S. Ct. 1523 (2013). Applying a "fairly lenient standard," courts make a preliminary determination as to whether the named plaintiffs have made a "modest factual showing" that the employees identified in their complaint are "similarly situated." *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 536 & n.4 (3d Cir. 2012). "Under the modest factual showing standard, a plaintiff must produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Symczyk*, 656 F.3d at 193. "Being similarly situated" means that members of a collective action are "subjected to some common employer practice that, if proved, would help demonstrate a violation of the FLSA." *Zavala*, 691 F.3d at 538.

A court's grant of conditional certification is an exercise of its "discretionary power, upheld in *Hoffmann–La Roche*, to facilitate the sending of notice to potential class members, and is neither necessary nor sufficient for the existence of a representative action under FLSA." *Symczyk*, F.3d at 194 (internal quotation marks and citations omitted). Upon a court's preliminary determination that the plaintiffs have successfully produced some evidence of similarly situated employees, notice of the suit is sent to this class of employees, who may join the action by returning a signed consent form to the court. *Camesi*, 729 F.3d at 242-43 (citing 29 U.S.C. § 216(b)).

The second step is deciding whether to grant final certification. *Symczyk*, 656 F.3d at 192. During this step, the plaintiffs must satisfy a preponderance of the evidence standard. *Zavala*, 691 F.3d at 537. In other words, the plaintiffs will have to show that it is "more likely than not" that "plaintiffs who have opted in are in fact similarly situated to the named plaintiffs." *Id.*

## III. DISCUSSION

### A. Standard for Evaluating Plaintiffs' Motion

As noted above, courts approach collective-action certification under the FLSA by engaging in a two-step process: conditional certification and final certification. *Camesi*, 729 F.3d at 242-43; *Zavala*, 691 F.3d at 537-38. Defendants aver that the Court should apply either a "heightened scrutiny test" under step one or the "higher evidentiary standard" of step two in assessing Plaintiffs' motion because (i) discovery was concluded over six months ago; and (ii) "Plaintiffs' deposition testimony in this case did not strengthen Plaintiffs' factual showing that they were similarly situated to other putative class members." (Baumgart Livingston & Ridgewood Opp. Br. at 6-10; Baumgart Edgewater Opp. Br. at 2). Plaintiffs acknowledge that the parties engaged in some discovery, but counter that the "modest factual showing" standard is appropriate here because (i) "the discovery that occurred in this case was limited"; (ii) "the depositions of Defendants have not occurred"; and (iii) "the depositions of the three Plaintiffs have been taken recently and for purposes limited to Plaintiffs' Motion." (Pls. Reply Br. at 3; *see also* Pls. Mov. Br. at 7).

The Court concludes that the parties have not engaged in discovery sufficient to make a final determination and therefore reviews the parties' arguments under the first-step analysis. Indeed, although discovery is not a requirement at this stage, courts routinely consider conditional certification under the "modest factual showing standard" after the parties have engaged in limited discovery. *See, e.g.*, *Symczyk*, 656 F.3d at 193 ("Under the modest factual showing standard, a plaintiff must produce some *evidence* . . . .") (emphasis added); *Shala v. Dimora Ristorante, Inc.*, No. 16-3064, 2016 WL 7386954, at *2 (D.N.J. Dec. 21, 2016) ("A court usually considers conditional certification after the parties have engaged in limited discovery."); *Depalma v. Scotts*

*Co. LLC*, No. 13-7740, 2016 WL 7206151, at *1 (D.N.J. Mar. 31, 2016) ("The parties conducted discovery for the limited purpose of this conditional certification motion.").

## B. Analysis

Defendants argue that Plaintiffs have failed to meet the burden of proof for conditional certification "under any standard however lenient or modest." (Baumgart Livingston & Ridgewood Opp. Br. at 9; *see also* Baumgart Edgewater Opp. Br. at 1-2). The Court agrees.

There are several reasons why conditional certification, even in the initial and lenient notice phase, is not appropriate at this time.[4] The most glaring issue, however, is the named Plaintiffs' failure to equate their personal situations with the other putative class members. In support of their motion, Plaintiffs assert that "they experienced a common set of policies and practices by Defendants as to the payment of wages[] and overtime wages in violation of the FLSA," and "there are additional former and current employees who have been victim to the same unlawful employment practices." (Pls. Mov. Br. at 5). To begin, the Court notes the paucity of Plaintiffs' allegations in their Amended Complaint. There, Plaintiffs have provided mere generalizations and legal conclusions about the putative class members and have failed to put forth any relevant facts for the Court to consider at this stage (such as the names of any similarly situated employees or the years in which those employees worked). These basic facts are readily ascertainable at the pleading stage even before discovery, and their absence is noticeable. *See White v. Rick Bus Co.*,

---

[4] As an initial matter, the Court notes that Plaintiffs' submissions are inconsistent—and the Court is unclear—on exactly which employees Plaintiffs seek to include in their purported collective action. In their Amended Complaint, Plaintiffs describe the putative class as Plaintiffs and "all other and former non-exempt deliverymen, servers, busboys, and kitchen staff." (Am. Compl. ¶ 47). But in their submissions in support of the instant motion, "Plaintiffs seek to certify a class of all non-managerial employees" of the Baumgart Defendants. (Pls. Reply Br. at 4; Pls. Mov. Br. at 10-11). In the alternative, Plaintiffs seek to certify "chefs at Baumgart's Livingston location, waiters at Baumgart's Edgewater location and delivery persons at Baumgart's Englewood location" (which the Court refers to as the "three alternative subclasses"). (Pls. Mov. Br. at 10). Yet, in their proposed Notice accompanying their motion, Plaintiffs ask this Court to permit notice of the lawsuit to "[a]ll individuals employed" by the Defendants. (Notice at 1; *see also* D.E. No. 100-8, Proposed Publication Order ¶ 1).

743 F. Supp. 2d 380, 382, 388 (D.N.J. 2010) (noting scarcity of plaintiffs' allegations at the pleading stage and denying employee's motion for conditional certification).

In support of their motion for conditional certification, each of the Plaintiffs also submitted an affidavit. But the affidavits are unhelpful because each contains the same sort of blanket assertions without factual support or is based on inadmissible hearsay.[5] The facts shared by the named Plaintiffs and the putative class members are that they are former employees of one of the four Baumgart Defendants and each worked in excess of 40 hours per workweek but did not receive adequate minimum wage or overtime compensation. (*See* Pls. Mov. Br. at 4; Ha Aff.; Leong Aff.; Wahyudi Aff.). But Plaintiffs held different positions, had different job requirements, and worked for different Baumgart Defendants from each other and from members of the putative class. In fact, none of the Plaintiffs ever worked at Baumgart Ridgewood and none of the alleged violations pertain to that Defendant. Even more, Plaintiffs have not provided any evidence to suggest that they have personal knowledge or otherwise observed other non-managerial employees (or any employee in the three alternative subclasses) fail to receive adequate minimum wage or work in excess of a 40-hour workweek. Plaintiffs' evidence in support of their motion (and the deficiencies associated with it) is summarized below.

***Ha's Allegations & Affidavit.*** Ha alleges that, while working as a chef at Baumgart Livingston, he worked 65 hours each week with no break other than approximately 10 minutes to eat breakfast, lunch, and dinner. (Am. Compl. ¶¶ 69-72). He was paid a flat $750 every half month and was not compensated at least one-and-one-half of the minimum wage or his calculated

---

[5] "Only admissible evidence may be considered in deciding a motion for conditional class certification under 29 U.S.C. § 216(b) of the FLSA." *Kuznyetsov v. W. Penn Allegheny Health Sys., Inc.*, No. 09-0379, 2009 WL 1515175, at *3 (W.D. Pa. June 1, 2009); *see also* L. Civ. R. 7.2(a) ("Affidavits shall be restricted to statements of fact within the personal knowledge of the affiant."); *Dreyer v. Altchem Envtl. Servs., Inc.*, No. 06-2393, 2007 WL 7186177, at *3 (D.N.J. Sept. 25, 2007) ("Courts will not consider affidavits that are not founded on personal knowledge.").

hourly wage, whichever is greater, for all hours worked above 40 in each workweek. (*Id.* ¶¶ 73-74). In his affidavit, Ha attests that two "fry woks (kitchen workers whose duties included frying meats in oil, in a wok)" named Hu and Zheng were paid $110 per day, but never indicates the number of hours the fry woks worked. (Ha Aff. ¶¶ 13-14). Ha also attests that the "waitstaff was not paid overtime" (*id.* ¶ 17), but does not explain the number of hours the waitstaff worked or how he came to learn this specific assertion. Likewise, without explaining the basis for his knowledge, Ha claims, "[p]ersonally, I know that many times Peter [Xie] would not pay the chefs." (*Id.* ¶ 36). Instead, Ha explains, "I know these things because employees would discuss their terms and conditions of employment, the restaurant's debt, and their resulting pay shortfalls, in the kitchen and in the delivery vans coming and going to work." (*Id.* ¶ 22). These conclusory statements, however, are inadequate to meet even Plaintiffs' modest standard here. *See White*, 743 F. Supp. 2d 380, 388-89 (D.N.J. 2010) (finding deficient and conclusory plaintiff's statement "that other similarly situated employees were denied overtime is 'based upon my conversations with them and in many instances, the comparison of our weekly pay checks'").

Moreover, rather than demonstrating that Ha and the putative class members are similarly situated, Ha's affidavit suggests that Baumgart Livingston's employees were actually situated differently from him. For example, he notes that "workers other than [him] were paid every week rather than every two weeks." (*Id.* ¶ 13). And, while Ha was supposed to be paid a flat rate "almost always" in cash (*id.* ¶¶ 8-9), some unidentified employees were paid by check (*id.* ¶ 16), while the waitstaff was paid a $3.25 hourly base rate plus tips (*id.* ¶ 17), and the delivery staff was paid "a flat rate every week, plus tips every evening" (*id.* ¶ 20).

Further, Plaintiffs here request that the purported class include all *non*-managerial employees or the three alternative subclasses, yet Ha appears to include claims on behalf of an

9

individual named A'Xiao, whom Ha describes as the former "Manager" of Baumgart Livingston. (*Id.* ¶¶ 37-39). According to Ha, "A'Xiao was also not paid every time." (*Id.* ¶ 38). This, too, weighs against granting Plaintiffs' motion at this time.

***Leong's Allegations & Affidavit.*** Leong similarly alleges that, while working as a waiter at Baumgart Edgewater, he worked 56 hours a week at all relevant times, at $2.50 per hour, without compensation of at least one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above 40 in each workweek. (Am. Compl. ¶¶ 76-80; Leong Aff. ¶¶ 10-11). Like Ha's affidavit, Leong's affidavit in support of Plaintiffs' motion is riddled with unsupported conclusory allegations, contradictions, and facts demonstrating that other employees were situated differently—as opposed to similarly—from him. Leong claims that "[i]t is my belief that my fellow waiters were compensated at around the same rate I was at two dollars and fifty cents ($2.50) per hour, also receiving cash tips" and that "[o]ther waiters were also paid flat sums every two weeks, without overtime." (Leong Aff. ¶¶ 13-14). Yet, Leong does not provide the Court with any facts for the basis of his "belief." As another court noted, "[u]nder the standard for conditional class certification, there must be a *factual* nexus, not an assumption of facts." *Rogers v. Ocean Cable Grp. Inc.*, No. 10-4198, 2011 WL 6887154, at *4 (D.N.J. Dec. 29, 2011) (emphasis in original). As to non-waitstaff employees, Leong asserts that "[f]rom my understanding, the delivery workers were compensated in a similar fashion to the waitstaff" (Leong Aff. ¶ 19), but nowhere explains how he came to this understanding. Regarding chefs, Leong states, "I recall that there were at least fifteen chefs, although I do not know much about how their schedules worked. About four or five of them were Chinese and about ten of them were Mexican." (*Id.* ¶ 21). Leong provides this Court with no information on how any of Baumgart Edgewater's policies—or those of any other Defendant—affected these chefs.

***Wahyudi's Allegations & Affidavit.*** Wahyudi similarly alleges that, while working as a delivery driver at Baumgart Englewood, she regularly worked between 60 and 63 hours per week without overtime. (Wahyudi Aff. ¶¶ 10-13). Wahyudi's affidavit is likewise unhelpful because it contains the same flaws as those of Ha and Leong and, in any event, it is based on hearsay. Wahyudi states that "[o]ther delivery drivers were also paid flat sums every two weeks, without overtime" (*id.* ¶ 13), yet she, too, fails to explain how she came to know this information. Wahyudi also attests to the conditions of the waitstaff at Baumgart Englewood, but explains that "I know what I know about how Baumgart Englewood's waitstaff was treated from talking with my husband." (*Id.* ¶¶ 13-17, 36). The Court agrees with Defendants that Wahyudi's statements regarding the treatment of waitstaff comprise inadmissible hearsay,[6] and the Court will not rely on them.[7]

In sum, the Court finds that, while the threshold for conditional certification is modest, Plaintiffs have nevertheless failed to provide evidence of a "factual nexus between the manner in which the employer's alleged policy affected [them] and the manner in which it affected other employees." *Symczyk*, 656 F.3d at 192. Plaintiffs are asking this Court to speculate, based on their own affidavits alone, that other workers—who held different positions, performed different requirements, and worked at different locations—are similarly situated to them. "Courts in this Circuit, however, have routinely found that such speculation is not proper." *Shala*, 2016 WL 7386954, at *3 (collecting cases). Put differently, Plaintiffs ask this Court to assume that because their rights may have been violated, the rights of all non-managerial employees (or those employees composing the three alternative subclasses) at the different Baumgart Defendants were

---

[6] (*See* Baumgart Livingston & Ridgewood Opp. Br. at 13).

[7] *See supra* at n.5; *see also Kuznyetsov*, 2009 WL 1515175, at *3 (refusing to consider information in affidavits based on "other employees" as inadmissible hearsay).

also violated. But, again, the law requires "a factual nexus, not an assumption of facts." *Rogers*, 2011 WL 6887154, at *4. Plaintiffs have submitted no evidence—other than their allegations—to support the existence of a companywide policy in violation of the FLSA. And "the alleged application of a uniform policy does not, without more, show that potential class members are similarly situated." *Asirifi v. W. Hudson Sub-Acute Care Ctr., LLC*, No. 11-4039, 2014 WL 294886, at *3 (D.N.J. Jan. 24, 2014).

Finally, the evidence that has been submitted appears to demonstrate that some employees are not similarly situated to Plaintiffs, in that they worked part time, may not have worked overtime, were paid differently, or held management positions. At this stage, it would be inappropriate for the Court to conditionally certify either all non-managerial employees or the three alternative subclasses. *See Shala*, 2016 WL 7386954, at *3 (declining to conditionally certify class where "at least some other employees [were] *not* similarly situated" to the named plaintiff) (emphasis in original).

Accordingly, the Court denies Plaintiffs' motion for conditional certification of the FLSA collective action without prejudice to Plaintiffs refiling this motion at a later date.[8]

## IV. CONCLUSION

For these reasons, the Court DENIES without prejudice Plaintiffs' motion for conditional certification of the FLSA collective action. An appropriate Order accompanies this Opinion.

*s/Esther Salas*<br>
**Esther Salas, U.S.D.J.**

---

[8] *See Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224-25 (3d Cir. 2016) ("A denial at the conditional certification stage is not necessarily a final determination of whether the matter may proceed as a collective action . . . . [Courts may] "permit the issue to be revisited after discovery or efforts by the named plaintiff to re-define the contours of the proposed collective action.").