# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SIU CHING HA et al., | : |
| Plaintiffs, | : Civil Action No. 15-5530 (ES) (MAH) |
| v. | : |
| BAUMGART CAFÉ OF LIVINGSTON, et al., | : |
|  | : OPINION |
| Defendants. | : |

## I. INTRODUCTION

This matter comes before the Court by way of Defendants' motions for sanctions and attorneys' fees against Plaintiffs' counsel, Lina Franco, Esq. and John Troy, Esq. D.E. 108, 109, 112. In separate submissions, Ms. Franco and Mr. Troy oppose the motions. D.E. 113, 115. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court decided these motions without oral argument. For the reasons set forth below, the Court will grant in part and deny in part Defendants' motions.

## II. BACKGROUND

On July 14, 2015, Plaintiffs, Siu Ching Ha and Pak Chuan Leong, on behalf of themselves and others similarly situated, filed this matter alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq., and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56. Plaintiffs allege that Defendants, which are four New Jersey cafes and their two individual managers and owners, failed to properly compensate their employees with the minimum wage and overtime pay. Compl., D.E. 1; Am. Compl., D.E. 25. At the time of the events relevant to the pending motions, Ms. Franco was local counsel to Plaintiffs and Mr. Troy was admitted pro hac

vice on behalf of Plaintiffs. Notice of Appearance, D.E. 9; Order Granting Pro Hac Vice Admission, D.E. 32. Defendants are represented by Benjamin Xue, Esq., Douglas Weiner, Esq., and Chris Franzblau, Esq. Notices of Appearance, D.E. 4, 37.

On October 7, 2016, the Court issued an Order granting Plaintiffs' request to file a motion for conditional certification. The October 7, 2016 Order set a deadline of November 23, 2016 for Plaintiffs to file the motion. Order, Oct. 7, 2016, D.E. 48. However, the November 23, 2016 deadline passed without Plaintiffs filing either the motion or a request to extend the deadline. On December 9, 2016, sixteen days beyond the original deadline, Ms. Franco filed the motion for conditional certification on behalf of Plaintiffs. *See* Pltfs.' Mot. for Conditional Certification, D.E. 50. Also on December 9, 2016, Ms. Franco filed a belated request for an extension of time to file the motion for conditional certification. *See* Ltr. Request for Extension, Dec. 9, 2016, D.E. 49. In the letter, Ms. Franco stated in pertinent part:

> [O]n November 21, 2016, I was forced to leave the Country due to a family emergency in Mexico City. I have attached a copy of my itinerary as Exhibit (A). Plaintiffs were to file their motion for collective action on that week on November 23rd but due to my family emergency, which is still ongoing, I was unable to file until today.

*Id.* The attached flight itinerary appeared to have been generated by despegar.com.[1] *Id.* Ex. A, D.E. 49-1. The flight itinerary indicated that Ms. Franco had flown from New York to Mexico City on Thursday, November 21, 2016, and returned from Mexico City to New York on December 8, 2016. *Id.* However, November 21, 2016 was indisputably a Monday, not a Thursday.

On December 11, 2016, Mr. Troy, pro hac vice counsel for Plaintiffs, submitted a letter to the Court explaining that he had emailed all motion papers to Ms. Franco on the afternoon of

---

[1] According to its website, despegar.com is an on-line travel agency servicing Latin America. despegar, https://www.us.despegar.com (last visited on April 10, 2018).

November 23, 2016, with the expectation that Ms. Franco would file the motion on that same date.[2] *See* Ltr. from John Troy, Dec. 11, 2016, D.E. 51. In his letter to the Court, Mr. Troy included his e-mail to Ms. Franco and the motion papers that Ms. Franco was to file on November 23rd. *Id.* Mr. Troy claimed that he was unaware of Ms. Franco's family emergency, and also was unaware of the missed deadline, until Ms. Franco informed him of it on December 8, 2016. According to Mr. Troy, Ms. Franco told him that she could not check her e-mails while she was away. *Id.*

On December 12 and 13, 2016, Defense counsel objected to Plaintiffs' belated filing of the motion. Defense counsel pointed out numerous inconsistencies in Ms. Franco's purported reason for the late submission. *See* Mots. to Strike, D.E. 51, 52; Ltr. from Benjamin Xue, Esq., Dec. 13, 2016, D.E. 54. Specifically, Mr. Xue stated that Ms. Franco's public Instagram account[3] revealed that Ms. Franco was not in Mexico City when the motion was due on November 23, 2016. According to Mr. Xue, Plaintiff was in New York City and then Miami, Florida during the entire time she claimed to be in Mexico City addressing a family emergency. *See* Ltr. from Benjamin Xue, Dec. 13, 2016, D.E. 54. In an accompanying declaration, the Defense attached screenshots of the Instagram photos as exhibits, which confirmed much of Mr. Xue's allegations. *See* Declaration of Puja Sharma ("Sharma Decl."), Dec. 13, 2016, D.E. 54-1 to 54-11.

Mr. Sharma's declaration and the accompanying exhibits demonstrate that although Ms. Franco was in Mexico City, it was not on or around November 23, 2016, when Plaintiff's certification motion was due. Ms. Franco was in Mexico City and Cuba in late October until on or around November 6, 2016. Sharma Decl. ¶¶ 6-8 & Exhs. C-E. But for the period of on or

---

[2] Although Ms. Franco failed to file the motion until December 9, 2016, the certificate of service for the motion is dated November 23, 2016. *See* Certificate of Service, D.E. 50-10.

[3] The website for Ms. Franco's law practice contained a link to her Instagram account. Sharma Decl., ¶¶ 3-4 & Exh. A. Ms. Franco's Instagram account was public. *Id.* ¶ 3.

around November 6, 2016 to on or around December 3, 2016, it appears that Ms. Franco was in New York City. *Id.* ¶¶ 9-11 & Exhs. F-H. Defense counsel also observed that the date on the flight itinerary supplied by Ms. Franco--"Thursday November 21, 2016"--was not a real date. *See* Mot. to Strike, D.E. 53.

The Court scheduled a conference for February 3, 2017 to address the collective certification motion and Defendants' objections to its late filing. Order, Dec. 14, 2016, D.E. 56. However, on December 14, 2016, Ms. Franco withdrew the motion with prejudice. *See* Ltr from Lina Franco, Dec. 14, 2016, D.E. 55. She also stated:

> Plaintiffs wish to make it clear to the Court that as a result of discussions among Counsel, Plaintiffs no longer intend to pursue a motion to certify a class and respectfully request that the extension letter (Dkt. No. 49) be terminated as moot and subsequent motion (Dkt. No. 50) withdrawn with prejudice.
>
> We therefore respectfully request that the court adjourn, *sine die*, the conference scheduled before the Honorable Judge Hammer, for February 3rd at 2:00 pm.

Ltr. from Lina Franco, Dec. 14, 2016, D.E. 57. The Court therefore deemed the motion withdrawn on December 14, 2016. Order, Dec. 14, 2016, D.E. 58.

On December 23, 2016, Ms. Franco reversed course and requested to change the withdrawal of the motion for conditional certification to be without prejudice. *See* Ltr. from Lina Franco, Dec. 23, 2016, D.E. 60. Ms. Franco claimed that her request on December 14, 2016 to withdraw the motion with prejudice was erroneous. *Id.* Ms. Franco also attempted to explain the discrepancies regarding her alleged trip to Mexico City and her family emergency. *Id.* Ms. Franco claimed that she had gone to Mexico City earlier in November and that her mother's medical diagnosis had sent her "into a tailspin" that caused her to miss the motion deadline. *Id.* Ms. Franco also claimed that she gave the Court an "erroneous itinerary" because she was suffering from the "emotional distraction" of her mother's diagnosis. *Id.* Ms. Franco also moved to withdraw as

counsel in this matter and two others before this Court, claiming that "[s]ignificant differences and key lapses in communication have arisen between Lina Franco, Esq. and John Troy, Esq., and an irrevocable breach has developed among counsel. Simply put, it has become impossible for Lina Franco to properly represent Plaintiffs in this case." Mot. to Withdraw, D.E. 61, ¶ 2.

Mr. Troy sought reconsideration of the Court's Order terminating with prejudice the motion for conditional certification. Pltf.'s Brief in Support of Mot. for Reconsideration, Jan. 6, 2017, D.E. 70, at 2 & Exh. 3. Mr. Troy represented that contrary to Ms. Franco's representations to the Court in her December 14, 2016 submission [D.E. 57], he never sought to withdraw the motion. According to Mr. Troy, when Ms. Franco sought to withdraw the motion, she did so "absent any consultation with the plaintiffs or plaintiffs' co-counsel at all whatsoever." *Id.* at 2. In fact, Mr. Troy represented, he did not even receive electronic notification of the request, just as he had not received electronic notification of Ms. Franco's December 9, 2016 letter [D.E. 49]. *Id.* at 2-3. Mr. Troy attached e-mails he had sent to Ms. Franco pointing out that he had not received the electronic notifications for these filings and asking her to provide the filings to him. Decl. of John Troy, D.E. 70-3, Exh. 2.

On January 26, 2017, the Court held a hearing on the issue of whether to strike the untimely motion for conditional certification, and Ms. Franco's request to withdraw from the case. At the conclusion of the hearing, the Court overruled Defendants' objections and allowed Plaintiffs to proceed with their motion for conditional certification, finding that Defendants were not irremediably prejudiced by the delay in Plaintiffs' filing.[4] *See* Order, Jan. 27, 2017, D.E. 75; *see also* Transcript of Jan. 26, 2017 Hearing ("Transcript") at 69, D.E. 105. The Court also granted

---

[4] Judge Salas denied the motion for conditional collective certification on March 27, 2018. Order, March 27, 2018, D.E. 120.

Ms. Franco's motion to withdraw as counsel and ordered Mr. Troy to obtain new local counsel in this case.[5]  *See* Order, Jan. 27, 2017, D.E. 75.

During the January 26, 2017 hearing, Ms. Franco admitted that she was not in Mexico City for a family emergency during the dates she originally cited to the Court, and in fact had left Mexico "about a week before the motion was due."  Transcript at 14-15.  Ms. Franco also acknowledged that she was "not honest or forward" with the Court or the other attorneys in this case.  *Id.* at 14, 18-19.  During the hearing, Mr. Troy maintained that he was totally unaware of the missed deadline until Ms. Franco informed him of it.  Mr. Troy also explained that he did not follow up to confirm that Ms. Franco had filed the motion in time because he had worked with Ms. Franco as local counsel on several cases in this Court, and had never encountered any problems with her work in the past.  *Id.* at 29.  During the hearing, when the Court asked whether Mr. Troy was "so comfortable with having worked with Ms. Franco that [he] would have just taken it on blind faith that the documents had been filed[,]" Mr. Troy replied in the affirmative.  *Id.* at 30.

Defendants requested leave to make an application for sanctions, which the Court granted. Thereafter, each of the Defendants made motions for attorneys' fees and sanctions.  *See* D.E. 83, 86, 87.  The Court denied those motions on September 13, 2017, without prejudice, because Defendants had not set forth the legal basis for their sanctions request.  Order, Sept. 13, 2017, D.E. 107, at 1 (citing *In re Prudential Ins. Co. America Sales Practices Lit. Agent Actions,* 278 F.3d 175, 191 (3d Cir. 2002)).  Presently before the Court are Defendants' renewed motions for attorneys' fees and sanctions.  Defs.' Mots. for Sanctions, D.E. 108, 109, 112.  Mr. Troy and Ms.

---

[5] Michael Taubenfeld, Esq. replaced Lina Franco, Esq. as local counsel in this case.  Notice of Appearance, Feb. 13, 2017, D.E. 76.

Franco have filed separate opposition to Defendants' motions.  Troy Opp'n to Defs.' Mots., D.E. 113; Franco Opp'n to Defs.' Mots., D.E. 115.

## III.  DISCUSSION

Defendants seek attorneys' fees and sanctions pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent authority.  Defendants argue that Ms. Franco intentionally made material misrepresentations to the Court, and that such conduct clearly constitutes bad faith.  Defendants further state that Mr. Troy should be held jointly and severally liable in this matter because Ms. Franco, as local counsel in this matter, is his agent and he is therefore responsible for her actions as the principal.

Ms. Franco argues that sanctions are not warranted under Rule 11 because she withdrew the motion for class certification within the twenty-one-day safe harbor period provided under the rule, and because the misrepresentations made became moot once the motion was timely withdrawn.  She additionally argues that sanctions under 28 U.S.C. § 1927 are not warranted because her conduct did not amount to "unreasonable and vexatious" conduct.  Alternatively, Ms. Franco argues that if the Court finds that sanctions are warranted, the fees requested by Defendants are unreasonable, and further that Mr. Troy is jointly and severally liable for any fees awarded.

Mr. Troy contends that he is not jointly and severally liable for any fees awarded because the Rules of Professional Conduct do not create a principal-agent relationship between local counsel and pro hac counsel, as Ms. Franco and Defendants claim.  Further, Mr. Troy states that he and Ms. Franco previously agreed on how sanctions of this sort should be paid for in their Co-Counseling Agreement.  The Court will first consider Defendants' arguments that sanctions are appropriate under 28 U.S.C. § 1927, Rule 11, and the Court's inherent authority.

### a. Attorney Franco

The Court first considers sanctions pursuant to 28 U.S.C. § 1927. Entitled "Counsel's liability for excessive costs," § 1927 states that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. However, "sanctions may not be imposed under this statute against attorneys for vexatious and unreasonable multiplication of proceedings absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." *Grider v. Keystone Health Plan Cent., Inc.,* 580 F.3d 119, 142 (3d Cir. 2009). An attorney's conduct "must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation." *Id.*

Further, "[a]n attorney's obligation to the court is one that is unique and must be discharged with candor and with great care." *Barker Industries v. Cerberus Ltd.,* 764 F.2d 204, 212 (3d Cir. 1985) (affirming imposition of sanctions under § 1927 on counsel who failed to comply with court-approved stipulation not to challenge an arbitration award). Therefore, although sanctions under § 1927 should be imposed most sparingly, an attorney's lack of candor to the court, if done in bad faith, may be a basis to impose them. *See, e.g., Loftus v. Southeastern Pennsylvania Transp. Authority*, 8 F.Supp.2d 458 (E.D. Pa. 1998), *aff'd,* 187 F.3d 626 (3d Cir. 1999) (imposing § 1927 sanctions on plaintiff's counsel for continuing litigation after decision by Third Circuit rendered that litigation frivolous, and notwithstanding having been previously sanctioned in different matter for the same conduct); *Hamilton v. Boise Cascade Exp.,* 519 F.3d 1197 (10th Cir. 2008) (affirming § 1927 sanctions imposed on attorney who filed motion to

enforce settlement in which he misrepresented opposing counsel's position without reasonable basis); *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d. 1112 (9th Cir. 2000) (affirming § 1927 sanctions imposed on an attorney who recklessly advised his client that temporary restraining order against his client was not immediately effective, and against another attorney who made factually unsupported arguments to the court in effort to excuse client's noncompliance with the temporary restraining order).

In this case, the Court finds that the imposition of sanctions against Ms. Franco pursuant to § 1927 is appropriate. Ms. Franco deliberately misled the Court and the other attorneys in this case, including her co-counsel, about her failure to comply with the filing deadline. First, in her December 9, 2016 letter asking the Court to accept the late motion for certification, Ms. Franco misrepresented that she could not meet the November 23, 2016 filing deadline because she "was forced to leave the Country due to a family emergency in Mexico City." D.E. 49. In truth, Ms. Franco was not in Mexico City for an emergency on November 23, 2016. And she certainly was not "forced to" leave the country at that time. In fact, the social media exhibits that Defendants provided to the Court demonstrate that Ms. Franco was in New York as of approximately November 6, 2016, and therefore more than two weeks before the certification motion's filing deadline of November 23, 2016. *See* Ltr. from Benjamin Xue, Dec. 13, 2016, D.E. 54. She also was in New York when Mr. Troy sent her the documents for filing and on the day of filing deadline.

Ms. Franco wrote the December 9, 2016 letter more than two weeks after the November 23, 2016 filing deadline, and after her travel to Mexico City. Therefore, she had to have known when she wrote the letter that her representations were untrue and would mislead the Court and counsel. Further, the misrepresentations were not made extemporaneously during a vigorously contested, fast-moving oral argument. She made them in a letter that she drafted, had time to

reflect on and review for accuracy, and submitted anyway. Moreover, the flight itinerary she submitted to substantiate the emergency-related travel contains a day that simply never existed (*i.e.*, Thursday, November 21, 2016).

Ms. Franco admitted at the January 26, 2017 hearing that she was "not honest or forward" with the Court. *See* Transcript at 19, D.E. 105. Additionally, Ms. Franco made no effort to correct or clarify the misrepresentations until well after the Defendants pointed out the inaccuracies in their requests to strike. *See* Mot. to Strike, D.E. 53; Ltr. from Benjamin Xue, Dec. 13, 2016, D.E. 54. Ms. Franco's misrepresentations to the Court clearly constitute bad faith and were unreasonable and vexatious, not simply a misunderstanding or well-intentioned zeal. *See D&D Associates,* No. 03-1026 (MCL), 2015 WL 8582984, at *27 (D.N.J. April 29, 2016) ("Notably, a court must find evidence of 'willful bad faith on the part of the offending attorney' by identifying 'conduct . . . of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation.") (quoting *Baker Indus., Inc. v. Cerberus Ltd.,* 764 F.2d 204, 208-09 (3d Cir. 1985)).

Ms. Franco's attempts to withdraw the belatedly filed motion, first with prejudice and then without prejudice, also were misleading and required both the Court and the other attorneys, including Mr. Troy, to expend time and resources to resolve the confusion. After Defendants moved to strike on December 12 and 13, 2016, and pointed out the inconsistencies in Ms. Franco's December 9, 2016 request, and the Court scheduled a hearing for February 2017, Ms. Franco moved to withdraw the motion to certify with prejudice. *See* Pltf.'s Letter, Dec. 13, 2016, D.E. 55; Pltf.'s Letter, Dec. 14, 2016, D.E. 57. She represented it was "as a result of discussions among Counsel[.]" D.E. 57. By stating that the withdrawal was "as a result of discussions among Counsel," Ms. Franco created the distinct impression that she had discussed the request with Mr.

Troy, and that he joined in it. But Mr. Troy, who had prepared the motion and provided it to Ms. Franco in time to meet the November 23, 2016 deadline, did not join in the withdrawal request at all. To the contrary, he maintains that he she never even consulted him. That Mr. Troy intended to proceed with the motion also is manifest from the fact that he sent the complete set of motion papers to Ms. Franco on November 23, 2016. *See* Pltfs.' Brief in Support of Mot. for Reconsideration, Jan. 6, 2017, D.E. 70, at 2 & Exhs. 1, 3 ("This was undertaken absent any consultation with the plaintiffs or plaintiffs' co-counsel at all whatsoever. Consistent with what has been occurring since at least December 9th, when Ms. Franco filed Docket Entry 49, my office did not receive any notification indicating that she had filed this letter with the Court. . . . Notwithstanding my protests, Ms. Franco filed a second letter to the Court [i.e., D.E. 57] . . . This representation is not accurate. Ms. Franco did not consult with me or any of the plaintiffs prior to her first attempt to withdraw the motion, and she made this second attempt despite my express wishes. . . . Ms. Franco did not wait for my consent to withdraw the motion and replied via e-mail at 4:51 p.m. that she had already moved to withdraw despite my objections.").[6]

Accordingly, the Court concludes that the above actions by Ms. Franco were in bad faith, multiplied the proceedings in this matter, and therefore warrant the imposition of sanctions under 28 U.S.C. § 1927. Having determined that sanctions under § 1927 are appropriate, the Court need

---

[6] Additionally, Ms. Franco's December 23, 2016 submission [D.E. 60] hardly clarified the issues. For example, although she acknowledges missing the motion deadline and that she "was not accurate with the date range of the Mexico City trip," she maintained that she "gave the Court the wrong itinerary." Among other things, the submission fails to explain (1) the itinerary's inclusion of a non-existent date, and how that non-existent date came to appear on the itinerary filed with the Court; (2) how, if Ms. Franco was in New York when the motion was due, she could not, at the very least, timely request a deadline extension to file the motion; and (3) Ms. Franco's apparent failure or refusal to coordinate with Mr. Troy before seeking a withdrawal of the certification motion with prejudice.

not reach Defendants' alternative request to issue sanctions under Rule 11 or the Court's inherent authority.

### b. Attorney Troy

The Court next turns to the issue of whether sanctions are warranted against Mr. Troy. Defendants do not argue that Mr. Troy engaged in any conduct that, by itself, warrants sanctions. Defense counsel have not identified, nor has this Court ascertained, any instance in which Mr. Troy was dishonest or otherwise engaged in bad faith. Instead, Defense counsel contend that Mr. Troy, as pro hac vice counsel in this case, was responsible for supervising Ms. Franco's conduct in regard to the late filing of the motion and her subsequent misrepresentations to the Court. Therefore, they argue he should be held jointly and severally liable for Ms. Franco's misconduct. For the same reason, Ms. Franco seeks to hold Mr. Troy jointly and severally liable for any fees imposed on her. *See* Lina Franco Opp'n to Defs.' Mot., D.E. 115-1, at 14.

The Court disagrees with Defendants' and Ms. Franco's argument. Even assuming, solely for the sake of argument, that Mr. Troy had a duty to supervise Ms. Franco[7] and was somehow derelict in discharging that duty, such dereliction falls well short of the standard to impose sanctions under § 1927, Rule 11, or otherwise.

Defendants' argument is also contrary to the record. First, Mr. Troy prepared the motion papers for filing, and provided them to Ms. Franco, well within the November 23, 2016 deadline.

---

[7] In support of this position, Defendants rely on the concept of principal-agent liability common in tort cases, in which "a principal *will be* held liable for the independent contractor-agent's misrepresentations 'upon matters which the principal might reasonably expect would be the subject of representations.'" *AT&T v. Winback & Conserve Program*, 42 F.3d 1421, 1437 (3d Cir. 1994) (quoting *Sanders v. Rowan*, 484 A.2d 1023, 1028 (Md. Ct. Sp. App. 1984)) (emphasis in original). However, Defendants' reliance on this line of caselaw is unpersuasive. None of the cases cited by Defendants pertained to a situation involving a pro hac vice counsel's liability for a local counsel's misrepresentations to the Court.

In fact, when Mr. Troy learned that the motion had been filed out of time, he contacted the Court and explained that he had emailed the completed motion papers to Ms. Franco for filing on November 23, 2016, and that he had been completely unaware the motion had not been filed until Ms. Franco informed him of such on December 8, 2016. *See* Ltr. from John Troy, Dec. 11, 2016, D.E. 51. Notably, Ms. Franco has not refuted that representation. Furthermore, when Mr. Troy learned that Ms. Franco had been dishonest about her reason for the missed deadline, he immediately contacted the Court, explained that he had been unaware of the circumstances, requested to proceed with the motion, and urged the Court not to punish his clients for Ms. Franco's mistakes. *See* Mot. for Reconsideration, D.E. 70. As discussed above, Mr. Troy also made clear that he had not agreed to withdraw the motion with prejudice, and in fact had not been consulted before Ms. Franco asked the Court to withdraw it. *Id.* At the January 26, 2017 hearing, Mr. Troy also explained that he had worked with Ms. Franco as local counsel on many other cases in this Court in the past without incident, and therefore, he had not been more vigilant in ensuring that the motion for conditional collective certification had been filed on time. Transcript at 28-30, D.E. 105. Considering these factors, the Court finds that Mr. Troy should not be held liable for the improper actions of Ms. Franco. In sum, the Court finds no basis to sanction Mr. Troy.

    **c. Amount of Monetary Sanctions**

The Court next considers the amount of monetary sanctions that should be imposed against Ms. Franco. Section 1927 limits fees to those associated with "excess costs, expenses, and attorney's fees reasonably incurred" because of the attorney's unreasonable and vexatious multiplication of the proceedings. *See Murphy v. Housing Authority and Urban Redevelopment Agency of City of Atlantic City*, 158 F. Supp. 2d 438, 451 (D.N.J. 2001). The party seeking the fees bears the burden of demonstrating the reasonableness of those fees. *Apple Corps. Ltd. v.*

*International Collectors Soc.*, 25 F. Supp. 2d 480, 485 (D.N.J. 1998). "'Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Rode v. Dellaciprete,* 892 F.2d 1177 (3d Cir. 1990)).

In this case, Defendants are seeking a total of $44,283 in attorneys' fees and costs. Specifically, Mr. Weiner seeks $25,470, Mr. Xue seeks $11,603, and Mr. Franzblau seeks $7,210.[8] The Court finds those amounts to be unreasonably high. It is true that Ms. Franco's misconduct created entirely unnecessary litigation and required the Defendants to expend additional resources addressing her misrepresentations. Nevertheless, this matter did not involve any complex or novel legal issues. Additionally, the Defendants suffered no irremediable prejudice as a result of the belated filing or Ms. Franco's misrepresentations to the Court. Further, the Court concludes that the billings were excessive. Although the issues raised by Ms. Franco's conduct were common to all Defendants, the billings between Defense counsel are frequently redundant and duplicative, and involve overlapping tasks. For example, Defendants submitted, and billed for, three separate motions that raised the same or substantially similar arguments concerning the propriety of sanctions. It is also apparent from the time entries and motion papers that Defendants devoted at least some of that time to their unsuccessful effort to obtain sanctions against Mr. Troy.

It is well settled that when faced with fee applications that include redundant or otherwise unnecessary entries, the Court may reduce the award accordingly. In fact, "the court has wide discretion to adjust the attorneys' fee for a variety of reasons such as . . . reasonableness of hours

---

[8] Mr. Franzblau's submission is less than clear on the specific amount he seeks. The documented billings total $7,210. Defendant Xie's Mot. for Sanctions, D.E. 108-2, Exh. B. But it also includes an entry of $10,010.86 for "previous amount due[,]" which brings the total to $17,220.86. *Id.* There is no description for the litigation tasks completed that comprise the $10,010.86, or explanation of how they relate to the sanctions request. Accordingly, the Court has not considered that amount as part of Mr. Franzblau's application.

expended or duplication of efforts." *Apple Corps. Ltd*., 25 F. Supp. 2d at 485. Courts also have discretion to impose a lower fee where, "in balancing the equities, the Court determines that the interests of justice would be better served by such an action." *Loftus,* 8 F. Supp. 2d at 463; s*ee also Zuk v. E. Pennsylvania Psychiatric Inst. of the Med. Coll. of Pennsylvania,* 103 F.3d 294, 301 (3d Cir. 1996) (citing *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)). In view of the foregoing, the Court concludes that $10,000 is a reasonable award of attorneys' fees and costs in this matter, to be divided equally among each of the Defense attorneys in this case.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motions for sanctions pursuant to 28 U.S.C. § 1927 against Ms. Franco. However, the Court will reduce the amounts requested by Defendants to $10,000, which they will divide equally. Defendants' request for sanctions and attorneys' fees against Mr. Troy is denied.

An appropriate Order accompanies this Opinion.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

Dated: April 26, 2018